# United States District Court
# Northern District of Indiana

MALIBU MEDIA LLC,

        Plaintiff,

        v.

KALEB GILVIN,

        Defendant.

Civil Action No. 3:13-CV-72 JVB

**OPINION AND ORDER**

Plaintiff, Malibu Media LLC, has filed an amended complaint alleging that Defendant Kaleb Gilvin is an online infringer of twenty-eight of its copyrighted movies. This matter is before the Court on Defendant's motion to dismiss the complaint for failure to state a claim (DE 13).

**A.    Standard for Evaluating a Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009)

(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))[1]. As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570). To be plausible, a complaint must provide enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit has synthesized the standard into three requirements. *See id*. "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

B.  **Plaintiff's Amended Complaint**

Plaintiff alleges that Defendant used the BitTorrent file distribution network ("BT") to infringe the Plaintiff's copyrights on the twenty-eight movies listed in Exhibit B of the amended

---

[1] In *Twombly* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir. 2007).

complaint (hereinafter "complaint"). Plaintiff explains that BT is a common peer-to-peer file-sharing software used to distribute large amounts of data, including digital movie files. BT works by breaking a digital file into many small pieces called bits. Users exchange these bits with each other. After a user receives all the bits of a digital file, the BT software reassembles the bits so the reassembled file may be opened and used. Each bit of a file has a unique hash value ("bit hash") that is the bit's unique digital fingerprint. The entire digital file also has a unique hash value ("file hash"). When a BT software user has downloaded all the bits that make up a digital file, the BT software uses the file hash to determine that the file is complete.

Plaintiff alleges that its investigator established a connection with Defendant's IP address and downloaded one or more bits of each of the twenty-eight digital movie files identified by the file hashes set out in Exhibit A to the complaint. According to Plaintiff, these file hashes correlate to the copyrighted movies listed on Exhibit B. The investigator also downloaded a full copy of each file hash from the BT file distribution network and confirmed that the file hash matched what is listed on Exhibit A. The investigator then verified that the digital file correlating to each file hash on Exhibit A contained a copy of a movie identical to, strikingly similar, or substantially similar to the movie associated with the file hash on Exhibit A.

Plaintiff concludes by alleging that by using BT, Defendant, the subscriber in control of the IP addressed being used to distributed Plaintiff's copyrighted movies, copied and distributed the constituent elements of Plaintiff's copyrighted materials listed in Exhibit B, without its authorization, thereby violating Plaintiff's exclusive right to reproduce and redistribute copies of the works, perform the copyrighted works, and display them, in violation of a number of identified provisions of the copyright laws of the United States.

**C.     Discussion**

The Copyright Act creates a cause of action for infringement and defines an infringer as "[a]nyone who violates any of the exclusive right of the copyright owner as provided by sections 106 through 122." 17 U.S.C. § 501(a). Title 17 U.S.C. § 106(1) and (3) gives the owner of a copyright the exclusive rights to reproduce the copyrighted work and to distribute copies to the public. To state a claim for copyright infringement, a plaintiff must allege (1) that it is the owner of a copyright and (2) that the defendant has copied constituent elements of the work that are original. *JCW Invs., Inc. v. Novelty, Inc.*, 482 F3d 910, 914 (7th Cir. 2007).

Defendant argues that the complaint fails to state a claim because it fails to allege any copying by Defendant, or that a complete copy of anything was downloaded, and it alleges that file hashes, not the movies themselves, were what was copied.

Plaintiff's complaint contains enough facts to establish a plausible claim that Defendant infringed its copyrights by copying and distributing constituent elements of the twenty-eight movies at issue in this case. Plaintiff's allegation that its investigator connected to a computer associated with Defendant's internet account and was able to download bits of Plaintiff's copyrighted movies from it supports a plausible claim that Defendant infringed on Plaintiff's copyrighted works by copying and distributing portions of its movies.

Defendant suggests that Plaintiff's complaint must fail because it did not allege that all the bits that comprise each of the movies were found on his computer. However, the purpose of BT technology is to obtain full copies of complete works. It is plausible to infer—from the allegations that portions of Plaintiff's works were found on Defendant's computer and that he was using BT software—that he succeeded in compiling viewable copies of the protected works.

4

Moreover, copying even small portions of a copyrighted work can constitute infringement. *See, e.g., Harper & Row Publishers, Inc. v. Nation Enter.*, 471 U.S. 539 (1985) (holding use of approximately 300 words out of 200,00 in the original work constituted infringement).

Defendant also claims that the complaint does not plausibly allege copyright infringement *by him* because the only facts alleged are that he had an internet account and that some computer associated with that account held some bits of Plaintiff's works. Defendant relies on *Elf-Man, LLC v. Cariveau*, No. C13-507, 2014 WL 202096 (W.D. Wash. Jan. 17, 2014), which held that similar allegations failed to state a claim. The Court disagrees with Defendant and the *Elf-Man* court. The allegations that Defendant is the internet subscriber whose internet address was being used to distribute bits of Plaintiff's movies make it plausible that he was the infringer. These allegations are not so sketchy or implausible that they fail to give Defendant sufficient notice of Plaintiff's claim.

Finally, Defendant invites the Court to follow the lead of Judge Stephen Crocker of the Western District of Wisconsin by sua sponte staying this and all other Malibu Media cases in this district and ordering Malibu Media to show cause why their complaints do not violate Rule 11(b). Defendant does not develop an argument to support such action, but simply attached a copy of Judge Crocker's order to his motion to dismiss. Nor does he move for sanctions or to strike any portions of the complaint. The Court declines the invitation to act sua sponte.

### D. Conclusion

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's complaint (DE 13) is DENIED.

SO ORDERED on March 26, 2014.

                                                        s/ Joseph S. Van Bokkelen
                                                        Joseph S. Van Bokkelen
                                                        United States District Judge
                                                        Hammond Division